HENRY W. FISHEL and Others v. ISAAC E. BURT.[1]

July 9, 1897.

Nos. 10,605—(235).

**Insolvency—Preferences—Return of Merchandise.**
> Evidence considered, and *held* that it sustains the findings of fact and conclusions of law of the trial court, to the effect that the respondent did not, within ninety days next before his assignment for the benefit of his creditors, give or permit any preferences contrary to the provisions of the insolvency law.

In the matter of the assignment of Isaac E. Burt, insolvent, Henry W. Fishel, Theodore H. Fishel, and Louis D. Nessler, partners as Fishel, Nessler & Co., and others, all creditors of the insolvent, petitioned the district court for Hennepin county for leave to participate in dividends from his estate without filing releases. From an order, Russell, J., denying the petition and from an order denying petitioners' motion for a new trial, they appealed. Affirmed.

*Merrick & Merrick,* for appellants.
*John H. Nickell,* for respondent.

START, C. J.

The respondent, Isaac E. Burt, on June 10, 1896, made an assignment for the benefit of his creditors under the state insolvency law; and the appellants, four of his creditors, on August 20, 1896, presented their petition to the district court to be allowed to share in the estate of the insolvent without filing releases of their respective claims, on the ground, among others, that the insolvent, within three months next before the making of his assignment, gave and permitted divers preferences, contrary to the provisions of the insolvent law. The respondent denied all of the charges against him made in the petition. Thereupon the evidence was taken before a referee, and a trial of the issues had. The trial court made its findings of fact in favor of the respondent upon all of the issues of fact, and made its order denying the petition, from which order and

[1] Reported in 72 N. W. 109.

from an order denying their motion for a new trial the appellants appealed.

The appellants on this appeal challenge the finding of fact and conclusions of law by the trial court to the effect that the respondent did not, within 90 days next before the assignment, give or permit any preferences contrary to the provisions of the insolvent act, on the ground that they were not supported by the evidence, but, on the contrary, that the evidence was such as to require a finding that he did thus give and permit preferences; hence the order was erroneous. This is practically the only ground here urged for a reversal of the orders.

The evidence warrants the conclusion that the respondent, who was a merchant, was as early as January 1, 1896, unable to pay his debts in the ordinary course of his business as they matured, and that he was "insolvent," within the legal definition of that term. He advised his creditors of his condition (including the appellants), and continued to conduct his business as usual, and out of the money received from sales of merchandise he made payments to his creditors, generally, on their claims. The evidence sustains the finding that none of these payments were intended as a preference. The business was thus carried on and payments made to the time of the assignment, with the expectation on his part that business would improve, and that he would be able to continue his business. He returned (as appellants claim) merchandise, during the 90 days next before the assignment, to creditors, as follows: Berlin Photographic Company, on April 24, to the value of $27.77, and F. W. Devoe & Co., June 9 and 10, to the value of $43.07. He also delivered merchandise to Brown & Hayward Company between May 20 and June 1 to the amount of $16.79, which was credited on his indebtedness to that company. The evidence fully sustains the finding that neither the first nor the last of these transactions was intended as a preference. But the second one presents a more doubtful question. The respondent's version of the transaction is as follows:

"Q. Now, these goods that were turned over to F. W. Devoe, June 9th: Had any arrangement been made for turning them over some time prior to that? A. Some ten days before. Q. What was it? A. In buying up the stock of artist's materials, we had bought a good many things that were not selling; and I asked if we might return

some that we did not need, and they said that they were willing to receive them. I got them out all ready to pack, but our packer had not had time to send them away. Mr. Devoe's agent in this city came into the store the 9th of June, and said he wanted to take the goods, and that he would pack them himself. I told him I did not think he had better take them, and, the way things were now, I did not like to have him take them, and, if he did, it would have to be at his own risk; and he said, 'All right,' he would take all the risk, and he sent them away. Q. Did you give your consent to his taking them? A. No. Q. Did you ever return any goods with the intention to prefer any creditor over other creditors? A. No, sir. Q. Why did you return such goods as you did return within the last six months before the assignment? A. I had more goods than the trade demanded. We branched out into a different line of trade than we had been in before, and had not had the benefit of experience. As I wanted to reduce my indebtedness as fast as possible, and as we had goods enough on hand to pay all my creditors, it seemed the best thing to do to send back any goods which we considered were not salable.  *  *  *  .Q. Now, with reference to these goods returned to F. W. Devoe & Co. June 9th and 10th: Did you not know when the same were returned that you were insolvent and would have to assign? A. Yes, sir. Q. Did you offer any resistance to the taking of these goods by F. W. Devoe & Co.? A. I told them I could not let them take them. Q. Did you offer any resistance? A. He told me he would pack the goods himself, and I told him, if he took them, he would take them at his own risk. Q. That is, you would not be responsible? A. Yes, sir."

The respondent was owing F. W. Devoe & Co. at this time some $424, which was then due, and had been due for some time, and repeated demands had been made for its payment. The respondent also testified that he did not decide to make an assignment until the afternoon before it was made, and that up to that time he expected to continue business and be able to pay his debts, but that he was sued by one of his creditors for an account he was unable to pay, and he made up his mind to assign. This evidence, in connection with his financial history from January 1st to the date of his assignment, would seem to be sufficient to sustain a finding that the transaction was a preference contrary to the provisions of the insolvency law, but it did not require such a finding as a matter of law. The trial court found that the goods were taken away by Devoe & Co. without the consent of the respondent. If such was the case, he could not have intended to give them a preference. Whether his objection to the goods being taken away was a sham,—a mere pre-

tense to cover a preferential payment of $43 on a $424 claim,—was a question for the trial court.

Upon the whole record, the court is of the opinion that the findings and conclusions of law of the trial court are sustained by the evidence. This being so, it is unnecessary to consider the question whether the evidence justified the amended finding made by the trial court.

Orders affirmed.